**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:17-CV-234-GNS**

**DAVID UNDERWOOD,**
                                                          **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,**                      **Defendant.**

## Report and Recommendation

The Commissioner has filed a motion to dismiss the complaint of pro se plaintiff David Underwood ("Underwood"). (DN 12.) Underwood filed a response, but did not address the merits of the Commissioner's motion. (DN 14.) Underwood has also filed two motions, one demanding that "Social Security Meet Me in Court" (DN 4) and another requesting review of his case (DN 18). This matter was referred to the undersigned for a report and recommendation on June 14, 2017. Because the Court lacks jurisdiction to hear Underwood's claim, the undersigned **RECOMMENDS** that Underwood's complaint be **DISMISSED WITH PREJUDICE**.

## I. Factual Background

Underwood filed his pro se complaint on April 13, 2017. (DN 1.) He did not, however, provide the Court with any information concerning the nature of his case, leaving the pro se complaint form completely blank except for his identifying information. The Commissioner's motion to dismiss and the accompanying affidavit provide the necessary context to Underwood's complaint, so the Court must draw its knowledge of the facts of this case from the Commissioner's motion alone. Underwood was previously granted Disability Insurance Benefits ("DIB") on November 1, 2005, and he began receiving those benefits in April 2006. (DN 12,

1

#35–36.) In May 2016, the Commissioner notified Underwood that she was planning to reduce his DIB because, unknown to the Commissioner, he had been receiving Federal Employees' Compensation Act workers' compensation payments since March 2006. (*Id*. at 36.) Underwood requested reconsideration of the decision, but his request was denied in June 2016 because "an initial determination had not been made in his case, and there was no authority in the Social Security Act or implementing regulations which permitted the Agency to combine the initial and reconsideration determinations." (*Id*.) In July 2016, the Commissioner notified Underwood that he had received an overpayment of benefits in the amount of $71,962, and that he would be required to repay that amount in full. (DN 12, #36.) Underwood's request to waive collection of the overpayment was denied in August 2016, and he eventually filed this action against the Commissioner in April 2017. (*Id*.)

## II. Summary of Law

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a suit if the court lacks subject matter jurisdiction over the action. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Id*. (citing *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994)). Although the Commissioner has made both a facial attack and two factual attacks on Underwood's complaint, the Court will only address the factual attacks. "A factual attack…is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598. No presumptive truthfulness applies to the factual allegations. *Id*. "In the case of a factual attack, a court has broad discretion

with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Cartwright*, 751 F.3d at 759–60. The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Id*. at 760.

### III. Analysis

The Commissioner requests that Underwood's action be dismissed for three reasons. First, she argues that the Court lacks jurisdiction to adjudicate Underwood's case because he did not first obtain a final decision from the Commissioner as contemplated under 42 U.S.C. §405(g) and (h). (DN 12, #37.) Second, the Commissioner argues that Underwood failed to exhaust his administrative remedies, and that his failure to do so automatically results in dismissal. (*Id*. at 40.) Finally, and alternatively, the Commissioner argues that Underwood's complaint should be dismissed for failure to state a claim. (*Id*. at 34.) Underwood did not respond to the substance of the Commissioner's motion to dismiss, instead stating that "Social Security is trying to blame me for their mistake," and that he is in contact with President Trump regarding the procedure of his case. (DN 16.)

#### A. Failure to Exhaust Administrative Remedies and §405(g)

42 U.S.C. §405(g) and (h) of the Social Security Act provide for the only avenue into federal court for claimants wanting review of a decision made by the Commissioner of Social Security. *See United States v. Babcock*, 250 U.S. 328, 331 (1919) (holding that that when a statute creates a right and provides a special remedy, that remedy is exclusive). §405(h) states that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed

by any person, tribunal, or governmental agency except as herein provided." With that limitation in mind, the previous section, §405(g), describes exactly when a federal court can review a decision made by the Commissioner:

> Any individual, **after any final decision** of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. §405(g) (emphasis added). Obtaining judicial review under §405(g) has three elements, all of which must be met or waived: (1) the Commissioner must issue a final decision; (2) the claimant must commence a civil action within sixty days of receiving notice; and (3) the claimant must file the action in the appropriate district court. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 395 (6th Cir. 1991). Although the second and third requirements may be waived, the first requirement cannot be. *Id*. (citing *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)).

The Commissioner does not argue that Underwood failed to meet the second and third requirements, so the only requirement at issue is the first one – finality. The finality requirement has two elements itself: (1) a claim of benefits must be presented to the Commissioner, and (2) the decision must be final in that the claimant has exhausted the administrative remedies prescribed by the Commissioner. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 395 (6th Cir. 1991). Although the Social Security Act does not define the term "final decision," the Commissioner has the authority to define the term herself. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Social Security regulations set forth a four-step process by which a claimant can exhaust his administrative remedies and obtain a judicially-reviewable final decision. 20 C.F.R.

§404.900(a).  First, a claimant must receive an initial determination (of disability) from the Commissioner.  *Id*.; *Willis*, 931 F.2d at 397.  Second, if dissatisfied with the initial determination, the claimant may request reconsideration of that initial determination.  *Id*.  Third, if dissatisfied with the reconsideration determination, the claimant may request an evidentiary hearing before an ALJ.  *Id*.  Fourth, if dissatisfied with the ALJ's decision, the claimant may request that the Appeals Council review the ALJ's decision.  *Id*.  When a claimant has completed these steps in the administrative review process, the Commissioner will have made her final decision, and the claimant may request judicial review by filing an action in the appropriate federal district court.  *Id*.  In other words, "for purposes of the finality requirement of §405(g), a claim becomes final after the Appeals Council renders its decision."  *Willis*, 931 F.2d at 397.

In support of her motion to dismiss, the Commissioner attached an affidavit from the Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability and Review of the Social Security Administration.  (DN 12, #35.)  As the Court detailed above and as detailed in the affidavit and accompanying exhibits, the Commissioner notified Underwood that she was planning to reduce his DIB because he had been receiving payments from the Federal Employees' Compensation Act since March 2006.  (DN 12-1, #58.)  The Commissioner's letter to Underwood explicitly stated that she would be sending him another letter in thirty days; at that point, he would have approximately thirty additional days to request reconsideration of the decision.  (*Id*. at 59.)  But instead of waiting for the follow-up letter, Underwood immediately asked for reconsideration of the decision.  (*Id*. at 61.)  The Commissioner denied Underwood's request as untimely – she had not yet made an initial determination – and even explained to him that he could renew his reconsideration request once

he received the follow-up letter. (*Id.*) Underwood has not presented any evidence showing that he requested reconsideration or that he received a final decision from the Commissioner. In the absence of any contradictory evidence, the undersigned accepts the Commissioner's relation of events. Having not received a final decision from the Commissioner, Underwood failed to exhaust his administrative remedies and comply with §405(g). Therefore, the undersigned recommends that the Court dismiss his claim with prejudice because the Court lacks the requisite subject matter jurisdiction to hear it.[1]

## B. Underwood's Other Motions

Underwood has also filed two motions unrelated to the motion to dismiss – a motion demanding that the Commissioner "meet [him] in court" (DN 4) and a motion for review of his case (DN 18). Having recommended that the Court dismiss his case, the undersigned will deny both motions as moot.

## IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** that the Court **DISMISS** Underwood's complaint **WITH PREJUDICE**. Underwood's two pending motions are **DENIED AS MOOT**.

---

[1] As the undersigned believes that the Court does not have subject matter jurisdiction over Underwood's case, the undersigned does not reach the question of whether his complaint should be dismissed for failure to state a claim.

cc: Counsel of record
    Plaintiff, pro se

### **Notice**

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Crim. P. 59(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).