UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL CASE NO. 3:17-CV-00234-GNS-CHL

DAVID UNDERWOOD                                                    PLAINTIFF

v.

COMMISSIONER OF SOCIAL SECURITY                         DEFENDANT

## ORDER

This matter is before the Court on Plaintiff's Objection (DN 21) to Magistrate Judge Lindsay's Report and Recommendation (DN 20). For the reasons provided below, Plaintiff's Objection is **OVERRULED**, and the Magistrate Judge's Report & Recommendation is **ADOPTED**.

Plaintiff was granted disability insurance benefits ("DIB") in November 2005 and began receiving those benefits in April 2006. (Def.'s Mot. Dismiss 2-3, DN 12). In May 2016, the Commissioner of Social Security ("Commissioner") notified Underwood that she intended to reduce his DIB because he had been concurrently receiving Federal Employees' Compensation Act workers' compensation benefits since March 2006. (Def.'s Mot. Dismiss 3). Plaintiff requested reconsideration of this determination, but his request was denied because no initial determination had yet been made to reconsider. (Def.'s Mot. Dismiss 3).

In July 2016, the Commissioner notified Plaintiff that he had received an overpayment of benefits and that he would be required to repay the full amount overpaid. (Def.'s Mot. Dismiss 3). Plaintiff's request to waive collection was denied in August 2016. (Def.'s Mot. Dismiss 3). Plaintiff then filed the present action against the Commissioner in April 2017. (Objection, DN 1). The Commissioner filed its motion to dismiss in August 2017. (Def.'s Mot. Dismiss).

This matter was referred to the United States Magistrate Judge for Findings of Fact, Conclusions of Law, and Recommendation ("R&R"). (Case Assignment, DN 2). In the R&R, Judge Lindsay recommended that the Complaint be dismissed because the Commissioner did not issue a final determination as required by 42 U.S.C. § 405(g) and (h). (R&R 4, DN 20). Additionally, Judge Lindsay determined that Plaintiff failed to exhaust his administrative remedies. (R&R 7). Plaintiff filed his present pro se objection to Judge Lindsay's determination in August 2018. (Pl.'s Obj. 1, DN 21).

This Court reviews *de novo* the portions of the R&R to which objections have been filed, and the Court may accept, reject, modify, in whole or in part, the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). While specific objections are entitled to *de novo* review, "poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal." *Bardwell v. Colvin*, No. 5:15-CV-00196-GNS-LLK, 2017 WL 5885378, at *1 (W.D. Ky. Jan. 31, 2017) (citation omitted) (internal quotation marks omitted). As the Sixth Circuit has noted, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted).

In the present case, Underwood does not identify any specific issues of law or fact from Judge Lindsay's R&R with which he disagrees. Underwood's objection instead asserts that it is not his fault benefits were overpaid and generally expresses his displeasure with parties involved in his case. (Pl.'s Obj. 1). Because he did not contest any factual or legal determinations in his objection, Underwood has failed invoke the Court's authority to review the R&R.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objection (DN 21) is **OVERRULED**.

2. Magistrate Judge's Report & Recommendation (DN 20) is hereby **ADOPTED**, and its findings and conclusions are incorporated by reference herein;

3. Plaintiff's Complaint (DN 1) is **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

November 27, 2018

cc: counsel of record
David Underwood, *pro se*